**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

RICHARD DeSOTO,

       Plaintiff,

       vs.                                                                                      No. CIV 97-0317 JC/LFG

TEXACO EXPLORATION
and PRODUCTION, INC.,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Plaintiff's Objections to Magistrate's Order Denying Motion to Compel and Granting Motion for Protective Order *(Doc. 38)* and Defendant's Motion for Summary Judgment *(Doc. 23)*. The Court has reviewed the motions, the memoranda submitted by the parties and the relevant authorities. The Court finds that Magistrate Judge Garcia's Order of November 6, 1997, was neither clearly erroneous nor contrary to law; therefore, Plaintiff's objections will be overruled. The Court further finds that there are no material issues of fact in dispute and that Defendant is entitled to judgment as a matter of law on the amended complaint.

Plaintiff DeSoto was employed with Defendant Texaco Exploration and Production, Inc. ("TEPI") from 1981 until his termination on October 30, 1995. TEPI discharged Plaintiff for asserted violations of Texaco's Code of Conduct including alleged misappropriation of company equipment, acceptance of a gift from a contractor, and failure to cooperate in an investigation regarding the allegations by misrepresenting material facts. More germane to the present motion, however, TEPI

contends that no cause was required for the termination because Plaintiff served as an "at will" employee.

Magistrate Judge Garcia determined that discovery should be limited to the threshold issue addressed by Defendant's Motion for Summary Judgment. Because both of Plaintiff's claims fail if he served as an at will employee, I must determine if a reasonable juror could find by a preponderance of the evidence that DeSoto's employment with TEPI contained an implied contract of continued employment. If not, Defendant is entitled to judgment as a matter of law on the amended complaint.

### Standard for Consideration of a Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that it is the movant's burden to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 321-23 (1986). Upon such a showing,

> [the] adverse party may not rest upon the mere allegations or denials of the [movant's] pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Id. (emphasis supplied). The United States Supreme Court has advised courts that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

Plaintiff first argues that his efforts to discover evidence relating to an implied contract have been thwarted by the Magistrate Judge's Order of November 6, 1997. Plaintiff had requested Defendant to conduct a extensive, world-wide search seeking information regarding any employment litigation involving an allegation of an implied employment contract with Defendant or its subsidiaries,

-2-

foreign and domestic. In a well-reasoned decision, the Honorable Lorenzo Garcia, Magistrate Judge, concluded that the request was unreasonably burdensome and of dubious relevance. After noting that Plaintiff concedes that no oral representations were made to him, Magistrate Judge Garcia correctly observed that "if an implied contract exists at all, it must be based on the manuals which were provided to Plaintiff." In short, Plaintiff's objections to the discovery and protective order are without merit and do not preclude the Court from addressing the motion for summary judgment at this juncture.

## New Mexico Law

An employment relationship under New Mexico law is presumed to be "at will" in the absence of an explicit contract stating otherwise. See Sanchez v. The New Mexican, 106 N.M. 76, 78 (1987). Under "at will" employment, the relationship may be terminated by any party for any reason including no reason at all. See Hartbarger v. Frank Paxton Co., 115 N.M. 665, 668 (1993). Although the law presumes that the power to discharge is unlimited when there is no expressed intention to the contrary, the presumption may be rebutted by evidence that an employer by oral or written representations or by a course of conduct led the employee to reasonably understand that "good cause" was required for terminating the employment relationship. Id. at 668-70. For such an expectation to be presented for a jury's determination of reasonableness, however, the understanding must meet a "threshold of objectivity" or an employer is entitled to judgment as a matter of law. See Kiedrowski v. Citizens Bank, 119 N.M. 572, 576 (Ct. App. 1995) (citing Hartbarger, 115 N.M. at 672).

Defendant asserts that no implied-in-fact contract term is reasonable given its recurring "disclaimer" of an intent to provide employees with anything other than at will employment. The disclaimer explicitly stated:

> The Guidelines are a statement of policies for individual and business conduct and do not, in any way, create any contractual or other employment rights or any assurance of continued employment inasmuch as all employment is at will, terminable by either the employee or the company at any time, with or without cause and with or without notice.

Texaco Corporate Conduct Guidelines at 6. Yet, "[n]either a contractual disclaimer nor the fact that a manual is promulgated after an employee begins work is sufficient to justify summary judgment on a claim for breach of contract." Zaccardi v. Zale Corp., 856 F.2d 1473, 1476 (10th Cir. 1988).

The Honorable Bruce Black, District Judge, has indicated that although the disclaimer alone cannot defeat summary judgment, its contents are relevant to the determination of the "reasonableness" of an employee's expectations under the totality of circumstances.

> New Mexico courts have upheld the validity of such disclaimers. Paca v. K-Mart Corp., 108 N.M. 479, 481, 775 P.2d 245, 247 (1989). See also Black v. Baker Oil Tools, Inc., 107 F.3d 1457, 1461 (10th Cir. 1997) (discussing importance of employer effectively communicating disclaimer to employee). While a contractual disclaimer does not automatically negate a document's contractual status it must be read in reference to the parties' 'norms of conduct and expectations founded upon them.' McGinnis v. Honeywell, Inc., 110 N.M. 1, 791 P.2d 452 (1990).

Padilla v. Your Credit Inc., No. CIV 96-0814 BB/LFG, Memo Op. at 19-20 (May 5, 1997). On the other hand, the Honorable Martha Vázquez, District Judge, has stated that "the existence of a contractual disclaimer is not enough to defeat a finding of an implied employment contract; therefore, it is immaterial for purposes of establishing entitlement to summary judgment." Parker v. John Q. Hammons Hotels, Inc., 914 F. Supp. 467, 470 (D.N.M. 1994). I am persuaded that Judge Black's position better reflects the New Mexico Supreme Court's direction that in overcoming the

employment at will presumption, "**it is not any single act, phrase or expression, but the totality of all of these**, given the circumstances and the parties' situation and objectives, which will control." Kestenbaum v. Pennzoil Co., 108 N.M. 20, 26 (1988) (emphasis added).

Thus, the Court must look to the written materials and course of conduct, in conjunction with the above disclaimer, on which Plaintiff bases his belief that he could be terminated only for good cause. DeSoto first relies on Defendant's Corporate Conduct and Business Ethics Rules which state that an accusation of wrongdoing against an employee will be investigated, and warranted action will not be taken until the completion of the investigation. Yet the employer's intent to investigate allegations of wrongful conduct is hardly synonymous with an employee's right to continued employment in the absence of company policy violations.

Plaintiff also asserts that his expectation of continued employment arises from TEPI's Employee Problem Resolution Procedure Manual. He contends that it "commits Defendant to 'administering its employment policies in a non-discriminatory manner and to treating all employees with respect and dignity.'" Plaintiff's Brief at 4 (quoting the manual). Again, it represents a leap of faith to interpret this general statement of how employees will be treated as a promise of guaranteed continued employment.

I further disagree with Plaintiff's assertion that this manual and other performance evaluation procedures are sufficiently "detailed" to justify an expectation that he was not an at will employee. Unlike the Kiedrowski case on which Plaintiff relies, no detailed progressive discipline plan was

promulgated or followed by TEPI.[1]  See Kiedrowski, 119 N.M. at 576.  As the Hartbarger court noted, "reasonableness of expectations is measured by just how definite, specific, or explicit has been the representation or conduct relied upon."  Hartbarger, 115 N.M. at 672.

Plaintiff also contends that Texaco's Employment Conduct Rules which set forth a "list of prohibited acts which may subject employees to discharge without prior warning" create a reasonable expectation of continued employment in the absence of just cause.  Yet the employer in Hartbarger had distributed a similar list, and the court found "no reason why the list should be deemed inclusive of all reasons for which an employee might be disciplined or terminated, or indeed, why the list should preclude discharge for no reason at all."  Id. at 674.

Finally, DeSoto relies on Texaco's Separation Pay Plan which notified employees of "added financial security should you be laid off or terminated through no fault of your own."  Plaintiff broadly reads this promise of separation pay as a limitation on the employer's right to discharge for no reason at all.  In analyzing an analogous situation in Hartbarger, New Mexico's highest court disagreed.

> Hartbarger argues that the retirement plan's policy of contesting benefits if the employee was involved in theft from the company is contra-indicative of an at will employment policy.  We see nothing in the retirement plan that supports Hartbarger's position.  The statement that Paxton will contest retirement benefits if termination was for theft of company property is no indication that employees will not be terminated for other reasons.  The statement only indicates that a termination for any other reason will not result in a contest of accrued retirement benefits, and that position is consistent with an at will termination policy.

Id. at 674.

---

[1] In an effort to defeat summary judgment, Plaintiff submitted his sworn affidavit attempting to create issues of fact. Insofar as he refers to conduct and policies of Defendant, his statements are devoid of a foundation for admissible evidence. As to his pronouncements that his at will employment status ended at the completion of a one-year probationary period, his testimony again lacks foundation and represents his own legal conclusion. As far as the remaining allegations of different types of company policy violations by other employees, Plaintiff has failed to demonstrate their relevance.

Even DeSoto's assertion that TEPI customarily terminated employees only for good cause is insufficient to imply that the employer modified the at will employment relationship. An "unspoken custom of the employer to retain employees indefinitely in the absence of just cause for termination, did not by itself, imply a contractual obligation to continue that practice." Kiedrowski, 119 N.M. at 576 (citing Hartbarger, 115 N.M. at 672). Otherwise, employers would be placed in the absurd position of occasionally terminating workers for no reason other than to preserve their freedom to do so. See Hartbarger, 115 N.M. at 674.

## Conclusion

Having examined the totality of the evidence, I find it is insufficient to support a finding of an implied promise that DeSoto's employment could be terminated only for just cause. Viewing all of the circumstances of this employment relationship, no reasonable juror could conclude that TEPI's representations or conduct were sufficiently explicit to constitute an offer to restrict its ability to terminate DeSoto for any reason, or no reason at all. Because there could be no implied contract to that effect, no implied covenant of good faith and fair dealing ever arose.

Wherefore,

IT IS ORDERED that Plaintiff's Objections to Magistrate's Order Denying Motion to Compel and Granting Motion for Protective Order *(Doc. 38)* are hereby **overruled**.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment *(Doc. 23)* be, and hereby is, **granted**.  In compliance with Fed. R. Civ. P. 58, a separate judgment will be entered for Defendant on the amended complaint.

DATED this 14th day of April, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**


| | |
|---|---|
| Counsel for Plaintiff: | Steven K. Sanders |
| | Law Offices of Steven K. Sanders |
| | Albuquerque, New Mexico |
| Counsel for Defendants: | Virginia Anderman |
| | Miller, Stratvert & Torgerson, P. A. |
| | Albuquerque, New Mexico |